Pamela E. BRYANT, Appellant,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Hoechst Marion Roussel, Inc., Appellees.

No. 93A02-0310-EX-897.

Court of Appeals of Indiana.

July 19, 2004.

Robert P. Kondras, Jr., Hunt Hassler & Lorenz, LLP, Terre Haute, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Pamela Bryant appeals the decision of the Review Board of the Indiana Department of Workforce Development (the "Board") with respect to her claim for unemployment benefits. We reverse.

### Issue

The dispositive issue for our review is whether the administrative law judge ("ALJ") erred by granting Hoechst Marion Roussel, Inc.'s ("Hoechst") request to reinstate its appeal from the order granting Bryant unemployment benefits.[1]

### Facts

The relevant facts follow. Bryant was employed by Hoechst as a pharmaceutical sales associate until her employment was terminated on February 23, 2001. Bryant filed an application with the Indiana Department of Workforce Development for unemployment benefits, which was granted on March 22, 2001. Hoechst appealed the decision on April 11, 2001. A hearing on Hoechst's appeal was scheduled for June 6, 2001.

On June 6, 2001, Hoechst failed to appear for the hearing, and the ALJ dismissed the appeal. A dismissal notice was mailed on June 15, 2001. In July 2001, Hoechst requested that the appeal be reinstated, and the ALJ granted the request. On August 7, 2001, a Notice of Hearing was issued to Bryant advising that an August 22, 2001 hearing would be conducted on Hoechst's appeal.

On August 9, 2001, Bryant requested that the hearing be rescheduled because she was going to be out of state for job retraining for her new employment. The ALJ did not rule on the request and conducted the hearing on August 22, 2001, without Bryant or her counsel. Thereafter, the ALJ reversed the initial determination of Bryant's eligibility and terminated her benefits effective February 24, 2001, with penalties.

Bryant initiated her appeal to the Review Board on October 22, 2001. Some two years later, the Review Board issued a decision affirming the decision of the ALJ. Bryant now appeals that decision.

### Analysis

The dispositive issue before us is whether the ALJ erroneously reinstated Hoechst's appeal. Pursuant to the Indiana Administrative Code:

If a party failing to appear at an administrative law judge hearing shall apply within seven (7) days from the date of mailing of the decision or notice of disposition and show good cause why the case should be reinstated, the same shall

---

1. Bryant also raises the issue of a whether the ALJ erroneously denied Bryant's motion to continue the unemployment hearing after the appeal was reinstated. Because we conclude that the ALJ erroneously reinstated Hoechst's appeal, we need not reach the issue of the continuance.

be reinstated. No case shall be reinstated more than once.

646 IAC 3–12–4(b). The parties disagree as to the applicability of this regulation. Bryant contends that Hoechst was required to request the reinstatement within seven days and was required to show good cause, both of which Bryant claims Hoechst failed to do. As a result, Hoechst was not entitled to a reinstatement. The Board argues that if a reinstatement request is filed within seven days and good cause is shown, the ALJ must reinstate the appeal. However, it claims the ALJ has the discretion to reinstate an appeal outside of the seven-day window.

The Board does not cite any authority for the proposition that the ALJ has discretion to reinstate an appeal beyond the seven-day mark. Our research has revealed no authority on point that would answer that question. However, we need not answer it today because we conclude that even if the ALJ did have the discretion to grant a reinstatement beyond the seven-day window, it abused that discretion here.

There is no written motion or request in the record filed by Hoechst to obtain the reinstatement. As a result, there is no explanation of the reason justifying the reinstatement. It is impossible, therefore, to determine whether good cause existed to warrant the reinstatement. The Board concedes that the record is silent as to why the ALJ reinstated the appeal. Furthermore, Bryant did not receive any notice that Hoechst had requested a reinstatement. Consequently, Bryant had no opportunity to respond to the request or to

object to the reinstatement. Based on this record, we cannot find a basis for the reinstatement or conclude anything other than that the reinstatement was an abuse of discretion.[2] Even if the ALJ had the discretion to grant a reinstatement here, it was still obligated to follow the dictates of fairness by requiring Hoechst to demonstrate good cause and by allowing Bryant an opportunity to respond to the request before granting it. The ALJ did not, and, therefore, we find no basis for the reinstatement of the appeal.

## Conclusion

Because the record provides no basis for the reinstatement, we conclude that the ALJ erred when it reinstated Hoechst's appeal. We reverse the reinstatement.

Reversed.

CRONE, J., and BAKER, J., concur.

---

2. In its Appellee's Brief, the Board refers us to a statement by a company representative during the August hearing that he did not know about the ALJ hearing until a few days before the hearing. The Board seems to rely on this statement as a justification for the reinstatement. We will not do so. The statement at the hearing may have been the reason for Hoechst to request that the appeal be reinstated. However, there is nothing in the record to substantiate that it was, in fact, the basis for the ALJ's decision, and that statement alone would not warrant a reinstatement.